IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rhonda Meisner, | ) | C/A No. 3:19-1555-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Zymogenetics, Inc.; Zymogenetics, LLC; | ) | |
| Bristol Myers Squibb, Inc; Tracey Caldarazzo; | ) | |
| Jeff Fortino; Stephanie Lewis, *individually*, *in* | ) | |
| *her capacity as managing principal of Jackson* | ) | |
| *Lewis, LLP, and in her capacity as managing* | ) | |
| *principal of Jackson Lewis, P.C.*; Ellison | ) | |
| McCoy, *individually, and in his capacity as* | ) | |
| *office litigation manager of Jackson Lewis,* | ) | |
| *P.C.*; John Doe 1-10; Jane Doe 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Upon review of the filings in this matter, the court is concerned that it lacks subject matter jurisdiction over this case. See In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (providing that federal courts have a "duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears"). The defendants removed this action from the South Carolina Court of Common Pleas based on their assertion that the non-diverse defendants should be disregarded for jurisdictional purposes based on the doctrine of fraudulent joinder. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) ("This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir.

1999) ("To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' ") (quoting Marshall v. Manville Sale Corp., 6 F.3d 229, 232 (4th Cir. 1993)). However, review of the Complaint suggests that an exception to this doctrine may apply. The parties are therefore directed to brief the issue of whether the so-called "common defense" exception to the doctrine of fraudulent joinder applies here and whether the case should therefore be remanded to state court because not all defendants are diverse. See, e.g., Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574-76 (5th Cir. 2004) (relying on Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146 (1914)); see also McDowell Pharmacy, Inc. v. W. Va. CVS Pharmacy, LLC, Civil Action No. 1:11-cv-0606, 2012 WL 2192167, at *5-6 (S.D. W. Va. June 14, 2012); Riverdale Baptist Church v. Certainteed Corp., 349 F. Supp. 2d 943, 952 (D. Md. 2004). Memoranda addressing this issue must be filed on or before **July 11, 2019**.

    **IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2019
Columbia, South Carolina