IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rhonda Meisner,<br><br>        Plaintiff,<br>  v.<br><br>Zymogenetics, Inc.; Zymogenetics, LLC; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; Stephanie Lewis, *individually, in her capacity as managing principal of Jackson Lewis, LLP, and in her capacity as managing principal of Jackson Lewis, P.C.*; Ellison McCoy, *individually and in his capacity as office litigation manager of Jackson Lewis P.C.*; John Doe 1-10; Jane Doe 1-10,<br><br>        Defendants. | C/A. No. 3:19-1555-CMC-PJG<br><br>**Opinion and Order<br>Adopting Report and Recommendation<br>on motion to remand (ECF No. 15) and<br>motion to dismiss (ECF No. 5) and<br>addressing motion for sanctions<br>(ECF No. 6)** |

Through this action, Plaintiff Rhonda Meisner ("Plaintiff") seeks recovery for claims arising out of her prior employment and two earlier cases related to that employment: *Meisner v. Zymogenetics, Inc.*, C/A No. 3:12-684-CMC ("*Meisner I*"); and *Meisner v. Zymogenetics, Inc.*, C/A No. 3:15-3523-CMC ("*Meisner II*").[1] Like *Meisner II*, the present action ("*Meisner III*") originated in state court and was removed based on the assertion of diversity jurisdiction. Also like *Meisner II*, whether diversity exists depends, in part, on arguments non-diverse Defendants (attorneys who provided representation in the prior cases) were fraudulently joined.

---

[1] The history of the prior litigation is summarized in prior orders in those cases and will not be repeated here. *See*, *e.g.*, *Meisner I*, ECF Nos. 257 at 2-4, 288 at 2-3; *Meisner II*, ECF Nos. 19 at 2, 34 at 2, 53 at 4-5. Defendants also provide a useful summary of the prior cases and comparison to the allegations in this action in their memorandum in support of dismissal. *See* ECF No. 5-1 at 2-6, 12, 13.

The matter is before the court on Plaintiff's motion to remand (ECF No. 15) and Defendants' motions to dismiss (ECF No. 5) and for sanctions (ECF No. 6). For reasons explained below, the motion to remand is denied, the motion to dismiss is granted, and the motion for sanctions is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 29, 2019, the Magistrate Judge issued a Report recommending Plaintiff's motion to remand be denied and Defendants' motion to dismiss be granted. ECF No. 26. The Report declined to make a recommendation on the motion for sanctions. *Id.* at 12 n.4.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections on September 12, 2019. ECF No. 29. Defendants filed a reply on September 26, 2019. ECF No. 30. The matter is now ripe for resolution.

After de novo review of Plaintiff's objections, the court agrees with the recommendations in the Report and the analysis as supplemented in this Order.[2] Accordingly, the court adopts and incorporates the Report by reference, denies Plaintiff's motion to remand, and grants Defendants' motion to dismiss. *See* Discussion §§ I-III. The court grants the motion for sanctions to the extent it seeks attorneys' fees and expenses and denies it in other respects, albeit with a warning the court

---

[2] For reasons argued by Defendants, it is doubtful Plaintiff's objections are sufficiently specific to warrant de novo review. The court has, nonetheless, conducted a de novo review of the Report.

may enter a pre-filing injunction should the sanction of attorneys' fees and expenses fail to deter Plaintiff from pursuing further duplicative, frivolous, or vexatious litigation relating to issues addressed in *Meisner I*, *II*, or *III*. *See* Discussion § IV.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

**I. Challenges to Removal Procedure**

To the extent Plaintiff's objections suggest possible procedural defects in removal, they are time-barred because her motion to remand was filed more than thirty days after removal. *See* 28 U.S.C § 1447(c) ("A motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."); ECF No. 1 (notice of removal filed May 29, 2019); ECF No. 15 (motion to remand filed July 8, 2019). Plaintiff also fails to suggest any non-frivolous procedural deficiency. For example, whether

3

Jackson Lewis P.C. was served is irrelevant as it is not named as a Defendant. Likewise, Defendants were not obligated to file proofs of service as such documents are not "served" on them. *See* 28 U.S.C. § 1446(a) (requiring removing party to file "copies of all process, pleadings and orders *served upon him or them*" (emphasis added)). Finally, a failure to attach all state-court filings required to be attached can be cured. *E.g.* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed.) (explaining failure to file all state court papers with the notice of removal is "curable in the federal court"). Plaintiff's objections, therefore, fail to the extent based on alleged procedural deficiencies.

## II. Fraudulent Joinder of Attorney Defendants

While she offers no actual argument, Plaintiff's objections suggest disagreement with the recommendation the court find the non-diverse, attorney Defendants were fraudulently joined. The court has reviewed the Report's analysis of this issue de novo and agrees with both the analysis and recommendation. *See* Report at 5-10. The court, therefore, adopts and incorporates the Report's fraudulent joinder analysis.

## III. Dismissal of Claims Against Diverse Defendants

Plaintiff's objections also suggest disagreement with the recommendation her claims be dismissed because they are precluded by the decision in *Meisner II*. These objections are overruled for reasons explained below.

**Recommendation.** The Report agrees with Defendants' argument "Meisner's claims are precluded by the previous litigation in Meisner II." ECF No. 26 at 11. It notes "[t]he issues raised by Meisner . . . were previously rejected . . . in an Opinion and Order denying Meisner's motion to vacate in Meisner II[,]" which "specifically rejected Meisner's argument about the citizenship of the corporate defendants." *Id.* Based on that Opinion and Order, the Report concludes Meisner

"fails to plausibly allege that the defendants injured her by lying or misrepresenting the citizenship of the corporate defendants."

**Present Complaint.** In her present complaint, Plaintiff alleges "[t]his action is the result of previous litigation between the parties." ECF No. 1-1 at 13 (Complaint ¶ 11). She further alleges one of the attorney Defendants "conspired, collaborated, and jointly acted with a witness" in *Meisner I* to submit "false and perjured declarations." *Id.* ¶ 12. Plaintiff also alleges that, while *Meisner I* was on appeal, she discovered that an order entered by the Magistrate Judge included computer metadata which suggested the order was drafted by counsel. *Id.* ¶ 13, 14.

Based in part on her discovery of the metadata and other concerns with the *Meisner I* proceedings, Plaintiff filed her second case (*Meisner II*) in state court "to address the extrinsic fraud, civil conspiracy, as well as other state causes of action that were not previously presented or litigated" in *Meisner I*. *Id.* ¶ 15. Defendants removed *Meisner II* to federal court based, in part, on a claim "Zymogenetics, LLC, had the same citizenship as Zymogenetics, Inc." and both were diverse from Plaintiff, a point Defendants repeated in opposing Plaintiff's subsequent motion to remand in *Meisner II*. *Id.* ¶¶ 20, 25. After *Meisner II* was "closed" Plaintiff "found evidence in the form of South Carolina Secretary of State filings" that, in her view, indicated counsel's representations in *Meisner II* regarding Zymogenetics, LLC's citizenship were fraudulent. *Id.* ¶¶ 26-29. Plaintiff alleges she was damaged by these false representations. *Id.* ¶ 30.

Based on these allegations, Plaintiff asserts a cause of action for extrinsic fraud, which relies in part on Rule 11 of the *South Carolina* Rules of Civil Procedure. *Id.* ¶¶ 31-54. The alleged fraud consists of the assertion (in *federal court* removal papers) that Zymogenetics, LLC was diverse from Plaintiff when counsel "had direct knowledge" that it "was not diverse from the Plaintiff." *Id.* ¶ 48. Plaintiff alleges this assertion misled the Magistrate and District Judges

5

"which caused the Court to issue judgments, decrees, and rulings in favor of the defendants, *when the federal Court did not have jurisdiction.*" *Id.* ¶ 53 (emphasis added); *see also id.* ¶ 54 ("The fraudulent notice of removal filed by the defendants caused the federal court to be misled and make rulings in favor of the defendants to which the defendants had no right[.]").[3]

Plaintiff also asserts an "Independent Action in Equity" based on the same allegations. *Id.* ¶¶ 55-59. Though founded in equity, she seeks *damages* under this claim for both "incremental damage from the fraudulent filings [and] *also for the original claims in the underlying lawsuit.*" *Id.* ¶ 57 (emphasis added); *see also id.* ¶ 58 (alleging federal court "was either misled by [counsel or] knew that jurisdiction did not exist and joined with the defendants in the scheme to deny [Plaintiff her] court of choice"); *id.* ¶ 59 (incorporating "original complaint and causes of action").

Plaintiff's third and final cause of action asserts a claim for abuse of process based on the same factual allegations. *Id.* ¶¶ 60-73. This cause of action rests on the same central allegations: that Defendants falsely represented Zymogenetic LLC's citizenship in removal papers, thereby "denying [Plaintiff] her right to her choice of court" and causing her to incur related incremental expenses in having to litigate the matter in federal court. *Id.* ¶ 73.

**Discussion.** As the summary above reveals, Plaintiff's current complaint seeks relief for two categories of alleged wrongs: (1) litigation-related actions primarily in *Meisner II* including, most critically, actions for which Plaintiff sought relief in her motion to vacate the judgment in *Meisner II*; and (2) employment-related actions for which Plaintiff sought relief in *Meisner I* and

---

[3] These allegations and arguments are essentially the same as those Plaintiff relied on in her unsuccessful motion to vacate the judgment in *Meisner II*. *See Meisner II*, ECF Nos. 76, 78, 79, 83.

*Meisner II*. Recovery on the second category necessarily depends on proof of the first: that alleged litigation misconduct by counsel and improper exercise of jurisdiction by the court deprived Plaintiff of her right to proceed in state court as to the underlying claims (second category). For reasons explained below, both categories of claim are barred by res judicata.

The decisions in *Meisner I* and *Meisner II* are final.[4] Consequently, claims that were or could have been asserted in those actions are subject to claim preclusion. *See Montana v. United States*, 440 U.S. 147, 153-54 (1979) (holding collateral estoppel and res judicata are "central to the purpose for which civil courts have been established[,]" which is "the conclusive resolution of disputes within their jurisdictions"). As the Court explained, "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.*; *see also Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106, 108 (S.C. 1999) ("Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." (internal marks and alterations omitted)).[5] Thus, claims based on allegations within the first category of alleged wrongs

---

[4] As noted in the Report, both *Meisner I* and *Meisner II* were affirmed on appeal. Plaintiff sought and was denied certiorari in both cases. ECF No. 26 at 2, 3.

[5] Federal common law determines the preclusive effect of a prior judgment of a federal court sitting in diversity and federal common law applies the relevant state's law of res judicata unless such law "is incompatible with federal interests." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001).

7

(employment-related actions) are barred by res judicata because they were or could have been raised in *Meisner I* and *Meisner II*. [6]

Res Judicata also bars Plaintiff from raising the second category of alleged wrongs (litigation-related actions in *Meisner I* and *Meisner II*). *See Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995) ("the very grounds on which [plaintiff] claims fraud upon the court—the government's alleged misrepresentation and misconduct—were raised or should have been raised by [plaintiff] during the pendency of the earlier case, . . . whether prior to judgment or afterwards, by way of a motion for reconsideration or petition for rehearing. . . . Thus res judicata barred this independent action to void the judgment." (internal citations and marks omitted)). Not only could Plaintiff have raised any concerns with litigation conduct in prior litigation, she in fact did so including through her motion to vacate in *Meisner II*, which was filed several months prior to this action. *See Meisner II*, ECF No. 76 (motion to vacate filed December 28, 2018); *Meisner III*, ECF No. 1-1 (state court complaint filed April 5, 2019).

Even if not barred by res judicata, the alleged misconduct relating to removal of *Meisner II* fails to state a claim for the same reasons the court denied Plaintiff's motion to vacate. As explained in the Order denying the motion to vacate (*Meisner II*, ECF No. 79) and subsequent Order partially granting a motion to alter or amend the Order denying the motion to vacate (*Meisner II*, ECF No. 83), the allegation of impropriety rests on the fundamentally-flawed legal premise that an LLC that has a corporation as a member is a citizen of every state in which a shareholder of the corporation is a citizen. *Meisner II*, ECF No. 79 at 2, 3; ECF No. 83 at 4, 5. In

---

[6] *Meisner II*, itself, was resolved largely based on the preclusive effect of *Meisner I*. *See Meisner II*, ECF Nos. 34 at 4-9, 53 at 5-9.

8

any event, whatever criticisms Plaintiff may have of this court's jurisdictional rulings and Defendants' related actions, they cannot be remedied through a separate legal action. *E.g.*, *Cooper v. Productive Transp. Servs.*, 147 F.3d 347, 352 (4th Cir. 1998) ("[F]ederal courts have the authority to determine whether they have jurisdiction, and their determinations of such questions while open to direct review, may not be assailed collaterally." (internal quotation marks omitted)).

Accordingly, the court adopts the recommendation of the Report, for reasons stated therein and as supplemented above, and dismisses all claims with prejudice.

## IV. Sanctions

Defendants seek sanctions based on the court's inherent powers rather than based on Rule 11 of the Federal Rules of Civil Procedure. ECF No. 6. Sanctions sought include: (1) a pre-litigation injunction; and (2) an award of attorneys' fees and costs. *Id*. Defendants argue a monetary sanction alone is not likely to deter Plaintiff from continuing to file duplicative cases and advance frivolous arguments because she has yet to pay costs awarded in *Meisner I* and *Meisner II*. ECF No. 6-1 at 8 (referring to unpaid awards of over $14,000 in costs in prior litigation); *see also Meisner I,* ECF No. 305 (awarding costs of $13,927.73); *Meisner II*, ECF No. 66 (awarding costs of $400).

Defendants also sought sanctions in *Meisner II* for Plaintiff's motion to alter or amend the Order denying her motion to vacate judgment. *Meisner II*, ECF No. 82 at 5-7. The court denied this request for sanctions despite finding Plaintiff "offer[ed] nothing but frivolous arguments on the substantive ruling." *Meisner II*, ECF No. 83 at 5 (explaining "the underlying motion to vacate . . . was entirely unsuccessful and rested on what may be fairly characterized as a frivolous legal argument regarding the citizenship of an LLC" and the motion to alter or amend was "successful only in removing dicta from the challenged order"). The court, nonetheless, warned Plaintiff it

9

"may award sanctions up to the amount of Defendants' costs and attorneys' fees incurred in responding to *any further motions* on this issue as well as other sanctions sought by Defendants should the court find a future motion or other filing frivolous in whole or in part." *Id.* (Order entered July 30, 2019) (emphasis added). The Report in this action referred to the then-recent denial of sanctions in *Meisner II* in declining to address sanctions. *Meisner III*, ECF No. 26 at 12 n.4 (concluding that, in light of the ruling in *Meisner II*, "the decision whether to award sanctions . . . is more properly left to" the district judge).

In their response to Plaintiff's objections to the Report, Defendants argue sanctions are warranted at least for Plaintiff's *objections* in light of the court's discussion of sanctions in *Meisner III*, ECF No. 83. Defendants assert Plaintiff's objections are "filled with frivolous assertions and contentions[,]" including continued arguments relating to jurisdiction that the court rejected in its orders denying Plaintiff's motions to vacate and to alter or amend (*Meisner II*, ECF Nos. 79, 83). *See* ECF No. 30 at 13 (incorporating arguments from memorandum in support of motion for sanctions, ECF No. 6, and seeking relief including a pre-filing injunction).

**Sanctions are warranted.** The court agrees Plaintiff's objections (filed September 12, 2019) are frivolous, especially to the extent they advance arguments the court rejected in the most recent orders in *Meisner II*. *See Meisner II*, ECF Nos. 79, 83 (entered June 4, 2019 and July 30, 2019). Plaintiff's reliance on multiple, conclusory assertions of error exacerbates rather than excuses the frivolousness of her objections because it imposes additional burdens on Defendants (and the court) to attempt to determine Plaintiff's intent and address *potential* rather than clearly articulated arguments.

The frivolousness is not limited to Plaintiff's objections. Instead, her pursuit of this action is, in itself, an improper attempt to relitigate claims foreclosed by *Meisner I* and *Meisner II*, the

latter of which was resolved based on a finding it was precluded by *Meisner I*. To the extent Plaintiff believed improper litigation conduct in *Meisner II* warranted vacating or reopening *Meisner II*, her proper course was a post-judgment motion in that action (which she pursued but which failed). By bringing a separate action seeking the same relief, Plaintiff unnecessarily and improperly duplicated proceedings. Thus, sanctions are warranted not only for Plaintiff's objections but for her pursuit of this action.

It follows that the court's decision not to sanction Plaintiff for her motion to alter or amend the Order denying her motion to vacate judgment in *Meisner II* does not preclude sanctions for her pursuit of this action. This is, most critically, because the present action is an improper collateral attack on the prior judgment in *Meisner II* and, in various respects, a third attempt to litigate matters raised in *Meisner I*. Moreover, for reasons explained in *Meisner II*, ECF Nos. 79 and 83, the core argument on which this action depends (that this court was misled as to the existence of jurisdiction) relies on a fundamentally-flawed premise regarding citizenship of an LLC. Even if that premise was not fundamentally-flawed, it is one Plaintiff could have advanced in prior litigation because the fact Zymogenetics, LLC has a corporation as an upstream member was a fact *Plaintiff herself alleged* in her Complaint in *Meisner II* and which was never disputed. *See Meisner II*, ECF No. 4 (alleging Zymogentics, LLC is "a wholly owned subsidiary of Zymogentics, Inc. and both are wholly owned subsidiaries of Bristol Myers Squibb Co., Inc.").

The court, therefore, concludes sanctions are warranted for Plaintiff's pursuit of this action including but not limited to her pursuit of objections that are foreclosed by the two most recent orders in *Meisner II* (ECF Nos. 79, 83). The more difficult question is what sanction is appropriate.

**Monetary sanction.** At a minimum, a monetary sanction representing all or a significant portion of Defendants' attorneys' fees and reasonable expenses (including but not limited to

11

"costs" recoverable through a bill of costs) is appropriate. For reasons explained above, the court will not limit this sanction to fees and expenses incurred in responding to Plaintiff's objections. The impropriety of bringing a separate action is exacerbated by Plaintiff's overlapping pursuit of essentially the same relief through her post-judgment motions in *Meisner II*. The court will exclude attorneys' fees and expenses incurred in responding to Plaintiff's motion to remand including additional briefing requested by the Magistrate Judge.[7]

**Procedure for fee application.** Defendants shall file an application for attorneys' fees and expenses together with supporting materials within fourteen days of entry of this order. Plaintiff shall be allowed fourteen days after service of Defendants' application to file a response. Defendants shall be allowed seven days after service of any response to file a reply. Any response should address only the propriety of the *amount* sought. Plaintiff may not reargue whether an award consisting of attorneys' fees and costs is appropriate.

**Non-monetary sanction.** In light of Plaintiff's failure to pay costs awarded in *Meisner I* and *Meisner II*, the court also considers whether a monetary sanction is adequate. In this regard, the court is primarily concerned with whether a monetary sanction will deter further duplicative and frivolous filings, whether in *Meisner I, II,* or *III*, or some new action.

As Defendants explain in their opening memorandum, the court may enter a pre-filing injunction in exigent circumstances. ECF No. 6-1 at 5, 6 (*citing Cromer v. Kraft Foods N. Am.,*

---

[7] The issue on which briefing was requested related to the propriety of removal. For present purposes, the court assumes without deciding that this request supports an inference Plaintiff's pursuit of remand was non-frivolous, though ultimately unsuccessful. The requested briefing did not relate to the viability of Plaintiff's present claims, which are clearly precluded by res judicata (regardless of the court in which they are pursued).

*Inc.*, 390 F.3d 812 (4th Cir. 2004)). *Cromer* provides that pre-filing injunctions "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *See Cromer*, 390 F.3d at 817-18 (internal quotation marks and citation omitted). Factors to be considered include: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer*, 390 F.3d at 818 (citation omitted).

Despite filing a memorandum opposing sanctions, Plaintiff does not address either these factors or the propriety of a pre-filing injunction. She, instead, argues generally that sanctions are not warranted (ECF No. 14 at 1-3) and specifically, though cursorily, argues against an award of attorneys' fees (*id.* at 3). The latter argument notes the court requested further briefing on an issue relating to the existence of jurisdiction. *Id.* at 3. Plaintiff also requests a hearing if the court "determines sanctions may be available." *Id.* at 5.

The court finds several of the *Cromer* factors support a pre-filing injunction. First, Plaintiff has now filed three lawsuits directly or indirectly seeking recovery for claims arising from her employment with one or more Defendants. In two of those actions, Plaintiff raised allegations of litigation misconduct either in the Complaint or through post-judgment motions. Issues relating to the alleged misconduct have been repeatedly raised and rejected, including in Plaintiff's appeal of *Meisner II* and subsequent motion to vacate. The alleged litigation misconduct is the central premise on which Plaintiff's claims in this action depend.

13

Second, the court finds Plaintiff had no good faith basis for pursuing the present litigation because a separate lawsuit is not the proper means for challenging litigation misconduct or the court's jurisdiction. Further, Plaintiff's own actions in seeking relief for the same conduct by post-judgment motion in *Meisner II* demonstrate a subjective understanding of the proper course.

Third, Plaintiff has imposed an undue burden on the courts and opposing parties through her filings, most critically through her contemporaneous pursuit of this action and her motion to vacate in *Meisner II*. On this point, it is notable that a number of arguments raised in *Meisner III* were raised and rejected (both in this court and on appeal) in *Meisner II* and *Meisner II* was held to be precluded by *Meisner I*.

The last factor is whether alternative sanctions are likely to deter similar conduct. Defendants make a plausible argument that monetary sanctions alone are not sufficient because Plaintiff has not paid prior awards of costs. Defendants do not, however, argue or demonstrate that they have sought and been unable to collect the awarded costs. Further, the court has not previously entered a sanction award, monetary or otherwise.

Under these circumstances, the court finds some but not all *Cromer* factors support a pre-filing injunction. Most critically, while there is some indication Plaintiff may not be deterred from filing further duplicative or vexatious litigation by a sanction consisting of attorneys' fees and expenses, that premise has not been tested. Given the extraordinary nature of such a sanction, the court declines to enter a pre-filing injunction at this time. The court will seriously entertain a pre-filing injunction should Plaintiff pursue further motions or other litigation relating to the allegations in *Meisner I*, *II*, or *III*, or related litigation conduct. This ruling neither precludes Plaintiff from her right to appeal this decision, nor forecloses sanctions should an appeal be found frivolous.

## CONCLUSION

For reasons set forth above, Plaintiff's motion to remand is denied, Defendants' motion to dismiss is granted, and Defendants' motion for sanctions is granted in part. The parties are directed to address the proper amount of the fee and expense award under the schedule (and limitations) set forth above. *See supra* Discussion § IV (setting schedule and excluding fees and expenses incurred in responding to motion to remand). The action is dismissed. Dismissal is with prejudice except as to the Jane and John Doe Defendants who are dismissed without prejudice. Entry of judgment shall be deferred until the court rules on the amount of attorneys' fees and expenses to be awarded as a sanction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 25, 2019