IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rhonda Meisner,<br><br>    Plaintiff,<br>  v.<br><br>Zymogenetics, Inc.; Zymogenetics, LLC; Bristol Myers Squibb, Inc.; Tracey Caldarazzo; Jeff Fortino; Stephanie Lewis, *individually, in her capacity as managing principal of Jackson Lewis, LLP, and in her capacity as managing principal of Jackson Lewis, P.C.*; Ellison McCoy, *individually and in his capacity as office litigation manager of Jackson Lewis P.C.*; John Doe 1-10; Jane Doe 1-10,<br><br>    Defendants. | C/A. No. 3:19-1555-CMC-PJG<br><br><br>**Opinion and Order<br>on Motion for Sanctions<br>and Application for Fees and Expenses<br>(ECF Nos. 6, 34)** |

This matter ("*Meisner III*") is before the court on Defendants' motion for sanctions (ECF No. 6) and related application for attorneys' fees and expenses (ECF No. 34). The motion for sanctions primarily seeks protection against future litigation through a pre-filing injunction, though it also seeks attorneys' fees and expenses incurred in defending this action.[1]

In a prior Order addressing Defendants' motion for sanctions, the court denied the request for a pre-filing injunction and related relief but granted the request for attorneys' fees and expenses,

---

[1] The motion for sanctions seeks (1) a pre-filing injunction against further litigation relating to events at issue in this or two prior cases (C.A. No. 3:12-684-CMC ("*Meisner I*"); and C.A. No. 3:15-3523 ("*Meisner II*")); (2) pre-filing judicial review of any lawsuit Plaintiff files against any Defendant to ensure compliance with the injunction (coupled with imposition of a refundable fee of $3,000); (3) relief from any obligation to respond to any lawsuit Plaintiff files against a Defendant named in *Meisner I-III* until the court determines the lawsuit does not violate the pre-filing injunction; and (4) an award of Defendants' attorneys' fees and expenses in this action.

subject to later determination of the amount. ECF No. 32 § IV (pp. 9-14). That Order directed Defendants to file an application for fees and expenses ("Fee Application"), which they have now done. ECF No. 32 at 12; ECF Nos. 34, 35; *see also* ECF No. 36 (Plaintiff's response); ECF No. 37 (Defendants' reply).

After reviewing Defendants' Fee Application and related briefing and further consideration of the standard applicable to imposing sanctions pursuant to the court's inherent powers, the court now concludes its prior Order (ECF No. 32) did not adequately address the relevant standard. As explained below, while the court now concludes Plaintiff's pursuit of this action demonstrates bad faith and constitutes vexatious litigation, procedural considerations weigh against an award of attorneys' fees and expenses. The court, therefore, vacates Section IV of its prior Order and substitutes the rulings below. *See* ECF No. 32 at § IV (pp. 9-14). All other sections of the Order (ECF No. 32) remain in effect.

## BACKGROUND

This action is Plaintiff's third lawsuit seeking recovery from her former employer (and others) for alleged wrongs occurring during and relating to her prior employment.[2] The first of these actions, *Meisner I*, was pursued against the employer, a related entity, and one individual (a managerial employee). It was initially filed in federal court based on the assertion of a federal cause of action. *Meisner I*, ECF No. 1. After significant motions practice, the court granted summary judgment to Defendants. *Meisner I*, ECF Nos. 288, 289 (Order and Judgment entered

---

[2] For ease of reference, citations to documents filed in Plaintiff's earlier cases will be preceded by the designation *Meisner I* or *Meisner II*, followed by the docket entry number ("ECF No. __"). Citations to an "ECF No." without a preceding case name refer to documents filed or entries made in this action, though the court includes a *Meisner III* prefix in some instances to avoid confusion.

September 22, 2014); *see also Meisner I*, ECF No. 303 (Order denying motion to alter or amend judgment entered November 25, 2014); *Meisner I*, ECF No. 322-33 (motion for supersedeas of judgment, related entries, and March 4, 2015 Order denying motion). The decision was affirmed on appeal. *Meisner I*, ECF No. 337, 338 (entered on this court's docket August 11, 2015, and October 21, 2015 respectively). Plaintiff sought but was denied certiorari.[3]

Plaintiff's second action, *Meisner II*, added claims and Defendants, most critically based on alleged litigation misconduct in *Meisner I*. *Meisner II*, ECF No. 1-1. The added Defendants included an attorney and law firm involved in the defense of *Meisner I* who were not diverse from Plaintiff. *Id.* On its face, *Meisner II* asserted only state law claims (though it effectively sought to vacate or evade rulings on federal claims). It was filed in state court and removed based on the assertion of diversity jurisdiction. ECF No. 1. The claim of complete diversity depended on an argument the attorney and law firm Defendants were fraudulently joined. *Id*.

Plaintiff moved to remand. *Meisner II*, ECF No. 11. The court denied this motion based on a finding the non-diverse Defendants were fraudulently joined. *Meisner II*, ECF No. 22. After further motions practice, the court held the claims in *Meisner II* were precluded by res judicata based on the judgment in *Meisner I* and, alternatively, that they were barred by the statute of limitations*. Meisner II*, ECF No. 53 at 15; *see also Meisner II*, ECF No. 65 (Order denying motion to alter or amend judgment). Both the jurisdictional and substantive rulings were affirmed on

---

[3] The court provides only a brief history of the prior litigation here. More detail may be found in prior Reports and Orders in the earlier cases. *See*, *e.g.*, *Meisner I*, ECF Nos. 257 at 2-4, 288 at 2-3; *Meisner II*, ECF Nos. 19 at 2, 34 at 2, 53 at 4-5. Defendants also provide a useful summary of the prior cases and comparison of allegations in the various actions in their memorandum in support of dismissal in this action. *See Meisner III*, ECF No. 5-1 at 2-6, 12, 13.

appeal. *Meisner II*, ECF Nos. 74, 75 (entered on this court's docket on September 20, 2017, and November 1, 2017, respectively). As in *Meisner I*, Plaintiff sought but was denied certiorari. *See Meisner II*, ECF No. 81 (addressing later history of action).

On December 28, 2018, Plaintiff filed a motion to vacate the judgment in *Meisner II*. *Meisner II*, ECF No. 76. That motion rested on allegations Defendants and their attorneys engaged in litigation misconduct, specifically non-disclosures relating to one Defendant's citizenship, which Plaintiff argued resulted in the court's improper exercise of jurisdiction over the matter. *Id.* The motion to vacate was denied by Order entered June 4, 2019. *Meisner II*, ECF No. 79 (holding Plaintiff's arguments failed because they depended on an incorrect test for citizenship of an LLC with a corporate member that, in turn, depended on the wrong test for citizenship of a corporation).

On July 2, 2019, Plaintiff moved to alter or amend the Order denying her motion to vacate judgment. *Meisner II*, ECF No. 81. In addition to opposing that motion, Defendants sought sanctions based on the court's inherent authority. *Meisner II*, ECF No. 82 at 6. Plaintiff's motion was granted in part (removing dicta from the prior order relating to timeliness of the motion to vacate) and denied in part (as to the substantive ruling). *Meisner II*, ECF No. 83 (entered July 30, 2019). The court declined to sanction Plaintiff but warned her as follows:

> **Request for Sanctions.** Through their response, Defendants ask for sanctions for Plaintiff's present motion in light of the history of this and related litigation. As Defendants note, the underlying motion to vacate denial of Plaintiff's motion to remand was entirely unsuccessful and rested on what may be fairly characterized as a frivolous legal argument regarding the citizenship of an LLC. Plaintiff's present motion is successful only in removing dicta from the challenged order. It offers nothing but frivolous arguments on the substantive ruling.
>
> While these factors may suggest grounds for sanctions, most critically the minimal sanction of relieving Defendants from the obligation to respond to any future motions unless the court directs them to do so, the court will not award sanctions at this time. It does, however, forewarn Plaintiff that the court may award sanctions up to the amount of Defendants' costs and attorneys' fees incurred in

4

responding to any further motions on this issue as well as other sanctions sought by Defendants should the court find a future motion or other filing frivolous in whole or in part.

*Meisner II*, ECF No. 83 at 5 (emphasis added).

On April 5, 2019, Plaintiff filed this action in state court. On its face, this action asserts only state law claims. *Meisner III*, ECF No. 1-1 at 16-22 (characterizing claims as "extrinsic fraud," "an independent action in equity," and "abuse of process"). It was removed to this court on May 29, 2019. *See Meisner III*, ECF No. 1. Thus, it was filed in state court and removed to this court while Plaintiff's motion to vacate in *Meisner II* was pending. *See Meisner II*, ECF No. 79 (entered June 4, 2019). Defendants named include most entities and individuals named in *Meisner I* and *Meisner II* as well as an additional attorney involved in the defense of *Meisner II*. While *Meisner III* purports to assert only state law claims, it essentially seeks the same relief on the same grounds as in Plaintiff's motion to vacate judgment in *Meisner II*: avoidance of the judgment in *Meisner II* (and, derivatively, the judgment in *Meisner I*) based on allegations Defendants and defense counsel in *Meisner II* engaged in litigation misconduct leading to the court's improper exercise of jurisdiction.[4] The key distinction between the motion to vacate in

---

[4] For example, the Complaint in this action alleges Defendants and defense counsel in *Meisner II* "fraudulently invoked the jurisdiction of the federal court" and the court, consequently, "issue[d] judgments, decrees and rulings in favor of the defendants" despite a lack of jurisdiction.. ECF No. 1-1 at 19-20 ¶¶ 49-52. It also alleges defense counsels' actions prevented Plaintiff "from presenting her case" and the court was either misled or "joined with the defendants in the scheme to deny" Plaintiff her "court of choice[.]" *Id*. at 20 ¶ 57, 58. The Complaint incorporates "[t]he original complaint and causes of action [in *Meisner II*] and attaches various documents filed in *Meisner I* and *Meisner II*. ECF No. 1-1 at 21 ¶ 59; *id.* at 25-191 (attachments). It seeks relief including for "the incremental damage from the fraudulent filings [and] *also for the original claims in the underlying lawsuit.*" *id.* at 20 ¶ 57 (emphasis added); *see also id.* at 23 (listing relief sought including "prejudgment interest based on the date of the original cause of action as well as the

*Meisner II* and the claims in *Meisner III*, is the former is a direct challenge to this court's jurisdiction (filed in the proper court and case for such a challenge) while the latter is a collateral attack filed in a different case, court, and judicial system.

Shortly after the court entered the Order denying Plaintiff's motion to vacate judgment in *Meisner II*, Defendants filed separate motions to dismiss and for sanctions in *Meisner III*. ECF No. 5 (filed June 5, 2019), ECF No. 6 (filed June 10, 2019). Briefing on Defendants' motions to dismiss and for sanctions and Plaintiff's later-filed motion to remand (ECF No. 15, filed July 5, 2019) was complete before the court entered its Order in *Meisner II* denying Plaintiff's motion to alter or amend the Order denying her motion to vacate. *See Meisner II*, ECF No. 83 (Order entered July 30, 2019); *Meisner III*, ECF No. 24 (last brief on relevant motions filed July 22, 2019). On August 29, 2019, the Magistrate Judge recommended the motion to remand be denied and the motion to dismiss be granted but declined to make a recommendation on sanctions. ECF No. 26.[5] Only Plaintiff's objections to the Magistrate Judge's Report and subsequent opposition to Defendants' Fee Application were filed in this action after July 30, 2019. *See Meisner III*, ECF Nos. 29 (September 12, 2019 objections), 36 (December 26, 2019 opposition to Fee Application).

By Order entered November 26, 2019, the court adopted the recommendation that Plaintiff's motion to remand be denied and Defendants' motion to dismiss be granted. ECF No. 32 at 1-9, 15. The instant Order does not modify those rulings. However as noted above, the

---

previous demands for compensation," "tolling of the statute of limitations," and "[b]ack pay, front pay, 401K matches" and other forms of compensation sought in *Meisner I* and *Meisner II*).

[5] Consistent with this court's local rules and practices in cases involving pro se litigants, *Meisner III* was automatically referred to a Magistrate Judge for pretrial proceedings including entry of a Report and Recommendation ("Report") on any dispositive motions.

November 26, 2019 Order also addressed Defendants' motion for sanctions and that aspect of the Order is vacated and replaced with the discussion that follows. *See* ECF No. 32 at 9-14.

## STANDARD

**Standard for imposition of sanctions.** The grounds and standards for imposing sanctions vary depending on the source of the court's authority. *See Chambers v. NASCO, Inc,*, 501 U.S. 32, 45 (1991) (contrasting reasonableness standard applicable under Rule 11 to more stringent standard applicable to sanctions imposed under court's inherent power). Defendants' motion relies on the court's inherent power and, specifically as to injunctive relief, on the All Writs Act. It does not rely on Rule 11 for either form of sanction sought.[6] Thus, the court applies the standards and requirements applicable to exercise of the court's inherent power.[7]

**Grounds for sanctions under court's inherent power.** A district court has inherent power to impose sanctions for a broad range of improper litigation conduct. *See Chambers*, 501 U.S. at 42-50; *Strang v. Bd of Trustees*, 55 F.3d 943, 955 (4th Cir. 1995) ("The case law is well

---

[6] Though the motion for sanctions "reserves the right" to pursue sanctions under Rule 11 at some future time, Defendants did not pursue any subsequent motion based on that rule. ECF No. 17 at 2-3, n.1. To do so, Defendants would have been required to follow Rule 11's prerequisites to sanctions. *See* Fed. R. Civ. P. 11(c)(2) (pre-filing requirements for Rule 11 motion); Fed. R. Civ. P. 11(c)(3) (providing "court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)"). There is no indication Defendants followed these prerequisites. Neither has the court taken action necessary to invoke Rule 11 sua sponte for purposes of a monetary award. *See* Fed. R. Civ. P. 11(c)(5)(b) (prohibiting sua sponte monetary sanction unless the court issued a show cause order "before voluntary dismissal or settlement of the claims" made by the party to be sanctioned). The court does not, therefore, rely on Rule 11 or standards applicable under that rule in resolving Defendants' motion for sanctions.

[7] While Defendants also rely on the All Writs Act for sanctions in the form of a pre-filing injunction, it appears to be undisputed the same standard applies to injunctive relief issued under that Act and based on the court's inherent power. *See infra* Discussion § III (addressing requirements specific to imposition of a pre-filing injunction).

7

established that district courts have the inherent power to sanction parties for certain bad faith conduct, even where there is no particular procedural rule that affirmatively invests the court with the power to sanction."). Of relevance here, a court may rely on its inherent power to sanction a party that "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id*.

The court's inherent power to sanction exists independent of and is not displaced by any statutory fee-shifting provisions or procedural rules. *Chambers*, 501 U.S. at 45-46 (noting there is "no basis for holding that the sanctioning scheme of [28 U.S.C. § 1927] and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above."); *id.* at 47-48 (noting commentary to Rule 11 confirms the rule "build[s] upon and expand[s]" the court's equitable power to award expenses including attorneys' fees and does not repeal or modify court's inherent authority); *id.* at 50 (concluding "nothing in the other sanctioning mechanisms or prior cases interpreting them . . . warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad faith conduct"). Nonetheless:

> [*W*]*hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power*. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Id.* at 50 (emphasis added).

Any award of attorneys' fees and expenses under the court's inherent authority must be limited to fees and expenses incurred "solely because of" the sanctionable conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S. Ct. 1178 (2017) ("a federal court's inherent

8

authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees . . . is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith."). A "district court has broad discretion to calculate fee awards under th[is] standard[,]" but may not award "fees beyond those resulting from the litigation misconduct." *id.*, 137 S. Ct. at 1184.[8]

## DISCUSSION

I. **Plaintiff's pursuit of this action was in bad faith and constitutes vexatious litigation.**

Defendants filed their motion for sanctions soon after removing this action to federal court and before Plaintiff filed any documents relating to this action in federal court. Consistent with the timing of the motion, Defendants argued the action, in its entirety, warranted sanctions because it was the third in a series of repetitive, meritless actions. ECF No. 6-1 at 6 (filed June 10, 2019). Defendants primarily sought protection from future litigation through a pre-filing injunction and related protections, though they included a request for attorneys' fees and expenses for this litigation. Defendants argued Plaintiff acted in bad faith in bringing the action because she should have known it would be barred by res judicata. *Id.* at 7.

In their response to Plaintiff's objections to the Magistrate Judge's Report, Defendants renewed their request for sanctions "including a pre-filing injunction." ECF No. 30 at 12, 13. Focusing on the warning in the court's July 30, 2019 Order in *Meisner II* (but without limiting their request for relief), Defendants argued Plaintiff's objections to the Report were frivolous and

---

[8] In contrast, when a court sanctions a party under Rule 11, including through an award of fees, the focus is on deterrence. Thus, any award is limited to amounts necessary for that purpose. Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

9

demonstrated "she is likely to continue to abuse the judicial process, harass Defendants, and burden the Court with frivolous arguments unless the Court imposes sanctions."  *Id.*

In the now vacated portion of the prior Order addressing sanctions (ECF No. 32), the court found Plaintiff's objections and her pursuit of this action in its entirety were frivolous. A conclusion Plaintiff's actions were frivolous is, however, insufficient to support sanctions under the court's inherent power. Instead, the court must decide whether Plaintiff's actions demonstrate bad faith, constitute vexatious litigation, or satisfy some other ground for sanctions under the court's inherent power. For reasons explained below, the court finds Plaintiff's conduct was in bad faith and constitutes vexatious litigation.

Plaintiff's pursuit of this action has, from its inception, been an improper attempt to relitigate claims foreclosed by both *Meisner I* and *Meisner II*. That a third attempt to litigate the same issues through a separate action brought in another court would fail on preclusion grounds would not have come as a surprise to Plaintiff, despite her pro se status, in light of her experience in *Meisner II*. Critically, that case was dismissed based on res judicata and affirmed on appeal *despite Plaintiff's inclusion of allegations counsel and the parties engaged in litigation misconduct* in the earlier proceeding. Like *Meisner II*, this action relies on allegations of litigation misconduct in an earlier action as the central basis for relief. Further, the relief sought here is essentially to reopen *Meisner II* (in state court), which would, in turn, allow Plaintiff to seek relief for claims she pursued (or could have pursued) in *Meisner I*. Similarly, *Meisner II* effectively sought to reopen or relitigate claims in *Meisner I*.

Even if Plaintiff believed improper litigation conduct in *Meisner II* warranted vacating or reopening *Meisner II*, her proper course was a post-judgment motion in that action, rather than a collateral attack through a new proceeding brought in a different judicial system. Plaintiff

demonstrated her understanding of this proper course by filing a motion to vacate in *Meisner II*. The present action was filed while that motion was pending. Under these circumstances, Plaintiff's pursuit of the same relief through a separate state-court action demonstrates bad faith and constitutes vexatious litigation as she intentionally and simultaneously forced Defendants to address the same issues in two actions. That the jurisdictional arguments underlying her claim of misconduct were frivolous adds to the impropriety of her actions, though those are not the basis on which the court finds bad faith. The threshold for imposition of sanctions under the court's inherent power is, therefore, satisfied.

**II.  Discretionary factors disfavor an award of attorneys' fees and expenses.**

That Plaintiff's pursuit of this action satisfies the standard for imposition of sanctions under the court's inherent power does not end the inquiry. The court must also decide whether it should exercise its discretion to award sanctions, particularly if adequate sanctions are available under a rule or statute. *See Chambers*, 501 U.S. at 50. To the extent Defendants seek sanctions in the form of attorneys' fees and expenses, Defendants could have pursued that relief under Rule 11 after following the prerequisites imposed by that rule. Defendants did not do so and neither did the court.[9]

---

[9]  As noted above, the July 30, 2019 Order in *Meisner II*, denied Plaintiff's motion to alter or amend, characterized Plaintiff's central premise as frivolous, and denied sanctions but warned sanctions would be granted for further frivolous filings. *Meisner II*, ECF No. 83. While the earlier (June 4, 2019) Order denied Plaintiff's motion to vacate, it did not expressly advise her the court found her arguments frivolous. *Meisner II*, ECF No. 79. Neither order constitutes an order *in this case*, and consequently cannot satisfy the procedural prerequisites for a monetary award under Rule 11. *See* Fed. R. Civ. P. 11(c)(5)(b).

Defendants' decision not to pursue relief under Rule 11 is understandable for a variety of reasons including, most critically, that the primary relief sought was a pre-filing injunction. In addition, at the time the motion for sanctions was filed, Plaintiff had neither filed anything in this court nor advanced argument here. Thus, at the time the motion was filed, Plaintiff had not taken action that would allow Defendants to invoke Rule 11.

Plaintiff did take later action subject to Rule 11 by filing various documents. Most critically for present purposes, she opposed dismissal of this action and filed objections to the Report (which recommended dismissal). At that point, Defendants could have, but did not, follow the procedures necessary to invoke Rule 11's protections. *See* Fed. R. Civ. P. 11(b) (covering "later advoc[acy]" of a pleading). Had they done so, they could, at least, have pursued fees and expenses for their reply in support of dismissal and, potentially, for the entire proceeding (at least excluding briefing on jurisdictional issues the court previously held should be excluded).

Under these circumstances, the court concludes Rule 11 was "up to the task" of providing an adequate sanction to the extent Defendants seek fees and expenses as a sanction. This weighs against reliance on the court's inherent powers to provide the same relief. The balance is tipped further in this direction by the court's interest in encouraging parties to utilize Rule 11's two-step procedure, which encourages parties to resolve concerns without involving the court where possible.[10] Whether or not pre-filing notice would have led to voluntary withdrawal in this case, it remains a valuable tool that benefits the parties and court in many instances. For these reasons,

---

[10] Defendants also relied on the court's inherent power rather than Rule 11 when they sought fees for Plaintiff's motion to alter or amend the Order denying her motion to vacate in *Meisner II*.

the court exercises its discretion not to rely on its inherent powers to award fees and expenses in this case.[11]

## III. Some but not all factors favor a pre-filing injunction

**Pre-filing injunction.** The court separately considers whether it should award sanctions in the form of a pre-filing injunction, a form of relief that it assumes for purposes of this order is not available under Rule 11. Defendants argue a monetary sanction alone is not likely to deter Plaintiff from continuing to file duplicative cases and advance frivolous arguments because she has yet to pay over $14,000 in costs awarded in *Meisner I* and *Meisner II*. ECF No. 6-1 at 8; *see also Meisner I,* ECF No. 305 (awarding costs of $13,927.73); *Meisner II*, ECF No. 66 (awarding costs of $400). Plaintiff does not challenge Defendants' factual assertion (that she has not paid prior awards of costs).

As Defendants explain in their opening memorandum, the court may enter a pre-filing injunction in exigent circumstances. ECF No. 6-1 at 5, 6 (*citing Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004)). *Cromer* provides that pre-filing injunctions "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *See Cromer*, 390 F.3d at 817-18 (internal quotation marks and citation omitted). Factors to be considered include the following:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on

---

[11] Because the court declines to exercise its inherent power for such an award, it does not reach Defendants' Fee Application or Plaintiff's arguments in opposition.

13

> the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818 (citation omitted).

Despite filing a memorandum opposing sanctions, Plaintiff does not address either these factors or the propriety of a pre-filing injunction. She, instead, argues generally that sanctions are not warranted (ECF No. 14 at 1-3) and specifically, though cursorily, against an award of attorneys' fees (*id.* at 3). The latter argument notes the court requested further briefing on an issue relating to the existence of jurisdiction. *Id.* at 3. Plaintiff also requests a hearing if the court "determines sanctions may be available." *Id.* at 5.

The court finds several of the *Cromer* factors support a pre-filing injunction. First, Plaintiff has now filed three lawsuits directly or indirectly seeking recovery for claims arising from her employment with one or more Defendants. In two of those actions, Plaintiff raised allegations of litigation misconduct. Issues relating to the alleged misconduct have been repeatedly raised and rejected, including in Plaintiff's appeal of *Meisner II* and motion to vacate. The alleged litigation misconduct is the central premise on which Plaintiff's claims in this action depend.

Second, the court finds Plaintiff had no good faith basis for pursuing the present litigation because a separate lawsuit is not the proper means for challenging litigation misconduct or the court's jurisdiction. Further, Plaintiff's own actions in seeking relief for the same conduct by post-judgment motion in *Meisner II* demonstrate a subjective understanding of the proper course.

Third, Plaintiff has imposed an undue burden on the courts and opposing parties through her filings, most critically through her contemporaneous pursuit of this action and her motion to vacate in *Meisner II*. On this point, it is notable that a number of arguments raised in *Meisner III*

were raised and rejected (both in this court and on appeal) in *Meisner II* and *Meisner II* was held to be precluded by *Meisner I*.

The last factor is whether alternative sanctions are likely to deter similar conduct. Defendants make a plausible argument that monetary sanctions alone are not sufficient because Plaintiff has not paid prior awards of costs. Defendants do not, however, argue or demonstrate that they have sought and been unable to collect costs previously awarded. Further, the court has not previously entered a sanction award, monetary or otherwise.

Under these circumstances, the court finds some but not all *Cromer* factors support a pre-filing injunction. Most critically, while there is some indication Plaintiff may not be deterred from filing further duplicative or vexatious litigation by a sanction consisting of attorneys' fees and expenses, that premise has not been tested. Given the extraordinary nature of such a sanction, the court declines to enter a pre-filing injunction at this time. The court will entertain a pre-filing injunction, substantial award of attorneys' fees and costs, or both should Plaintiff pursue further motions or other litigation relating to the allegations in *Meisner I*, *II*, or *III*, or related litigation conduct.[12] This ruling neither precludes Plaintiff's right to appeal this decision, nor forecloses sanctions should an appeal be found frivolous, in bad faith, or vexatious.

---

[12] Any such injunction would likely be similar in form to other pre-filing injunctions the court has issued, rather than the multi-faceted injunction sought in this action. For example, in the case cited by Defendants, *Paul v. S.C. Dept. of Transportation*, C.A. No. 16-cv-1727-CMC ("*Paul V*"), the court dismissed Plaintiff's fifth action sua sponte prior to service and entered a pre-filing injunction worded as follows: "[T]he court hereby imposes a pre-filing injunction on Paul's ability to file any new action in this District relating to the subject matter of the following lawsuits" followed by a list of the lawsuits. It continued: "Before any filings are made in any new civil action, Paul is required to seek permission of this court. This prefiling injunction does not preclude Paul's ability to file or defend lawsuits in this District unrelated to Paul I-V." *Paul V*, ECF No15 at 7.

## IV. Defendants are entitled to costs

This order does not preclude Defendants from recovering costs otherwise available to them as a matter of right through a Bill of Costs. Because Defendants previously submitted proof of a single expenditure to which they are clearly entitled, the filing fee in this action, the court directs the Clerk of Court to award that cost without the necessity of further filings.

## CONCLUSION

For reasons set forth above, the court vacates Section IV of the Order entered on November 26, 2019 (ECF No. 32 § IV), and addresses the same subject matter (Defendants' motion for sanctions, ECF No. 6) through this Order. The court finds Plaintiff has engaged in conduct that demonstrates bad faith and constitutes vexatious litigation by pursuing this action. The court, nonetheless, declines to award attorneys' fees and costs because such relief was available through Rule 11, which Defendants did not invoke. The court declines to enter a pre-filing injunction because Defendants have not established a less drastic sanction would suffice to deter further litigation. Defendants are, nonetheless, awarded costs in the amount of $400, not as a sanction but as of right as the prevailing party.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 23, 2020